UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 6:05-568

FREE DOME COAL, INC., PLAINTIFF,

v. **OPINION AND ORDER**

CHAS COAL, LLC., DEFENDANT.

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the Court on the Motion to Refer to Bankruptcy Court (Rec. No. 3) filed by the Defendant, Chas Coal, LLC ("Chas Coal") and the Motion to Remand (Rec. No. 6) filed by the Plaintiff, Free Dome Coal, Inc. ("Free Dome"). For the following reasons, the Court will GRANT the motion to refer this matter to bankruptcy court and DENY as moot the motion to remand the action to state court.

Free Dome filed this action in Bell Circuit Court on October 3, 2005 charging that the Defendant, Chas Coal, has wrongfully retained possession of a piece of underground coal mining equipment that belongs to Free Dome. Chas removed the action to this court and then moved for this court to refer the matter to the United State Bankruptcy Court for the Eastern District of Kentucky, London Division (the "Bankruptcy Court"). Chas asserts that it filed a Chapter 11 bankruptcy petition in the Bankruptcy Court on June 17, 2004 and that this action should be referred to the Bankruptcy Court as a matter "relating to" the bankruptcy case.

Free Dome responded with a Motion to Remand the matter to Bell Circuit Court, arguing that Chas Coal's Plan of Reorganization was confirmed on December 21, 2004 and that the bankruptcy case was closed by Final Decree on April 25, 2005. Free Dome argues that this cannot be an action "relating to" Chas Coal's bankruptcy case because there no longer is a bankruptcy case. In response, Chas Coal argues that, while its reorganization plan was confirmed by the Bankruptcy Court, the Bankruptcy Court retained jurisdiction over the bankruptcy case to ensure that all provisions of the plan are carried out.

Jurisdiction over bankruptcy cases and proceedings is vested in the district courts by 28 U.S.C. § 1334. The removal of "claims related to bankruptcy cases" is governed by 28 U.S.C. §1452 which provides

that a party may remove any action to the district court if the district court has jurisdiction of the claim under section 1334. 28 U.S.C. §1452(a). Section (b) of the statute provides that the court to which the action is removed may then remand the action to state court "on any equitable ground." 28 U.S.C. § 1452(b).

The district courts may refer "cases under title 11" and proceedings "arising under title 11 or arising in or related to a case under title 11" to bankruptcy judges for the district pursuant to 18 U.S.C. § 157(a). Pursuant to 28 U.S.C. § 157(b)(3), the bankruptcy judge shall determine whether a proceeding is "related to a case under title 11." Pursuant to Local Rule 83.12, this Court has referred to the bankruptcy court, "[a]ll actions for removal of claims under 28 U.S.C. § 1452(a) and (b) that relate to bankruptcy cases. . . ." Accordingly, the Court shall refer this matter to the bankruptcy court for resolution of all matters including the Motion to Remand.

Accordingly, this Court hereby ORDERS the following:

1)  Chas Coal's Motion to Refer (Rec. No. 3) this matter is GRANTED and this matter is REFERRED to the United State Bankruptcy Court for the Eastern District of Kentucky, London Division; and

2)  Free Dome's Motion to Remand (Rec. No. 6) is DENIED as moot, this matter having been referred to the United State Bankruptcy Court for the Eastern District of Kentucky, London Division.

This 14th day of February, 2006.



**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**

2